UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-8648-GW-ASx | Date | March 22, 2022 |
|---|---|---|---|
| Title | *Thuy Thanh Alonzo v. Kam Sang Company, Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

None Present                                              None Present

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON EXERCISE OF SUPPLEMENTAL JURISDICTION

Attached hereto is the Court's Tentative Ruling on Exercise of Supplemental Jurisdiction, set for hearing on March 24, 2022 at 8:30 a.m.

:

Initials of Preparer   JG

<u>*Thuy Thanh Alonzo v. Kam Sang Company, Inc. et al*</u>; Case No. 2:21-cv-08648-GW-(ASx)
Tentative Ruling on Exercise of Supplemental Jurisdiction

I. **Background**

Plaintiff Thuy Thanh Alonzo is legally blind and requires screen reading software to read website content using her computer. *See* Complaint ("Compl.") ¶ 1, ECF No. 1. Defendant Kam Sang Company, Inc. is a California corporation headquartered in Arcadia that operates the Puente Hills Mall, a public accommodation, as well as the mall's website.[1] *Id.* ¶¶ 5-8. Plaintiff attempted to visit Defendant's website numerous times and purportedly found that the website presented multiple access barriers which prevented the use of screen readers, making the website inaccessible to her and other legally blind individuals. *Id.* ¶¶ 25-41.

Plaintiff Alonzo brought this putative class action against Defendant Kam Sang for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* ("Unruh Act"). *Id.* ¶¶ 1-3. Alonzo seeks (1) injunctive relief; (2) damages under the Unruh Act; and (3) reasonable attorneys' fees and costs. *Id.* at 21. The Court previously declined to exercise supplemental jurisdiction over Plaintiff's state Unruh Act claim because it found that she is a high frequency litigant as defined in Cal. Civ. Proc. Code § 425.55(b)(1). *See generally Arroyo v. Rosas*, 19 F.4th 1202, 1209-14 (9th Cir. 2021). *See* ECF No. 19. Plaintiff objected to that declination and the Court allowed supplemental briefing on the issue. *Id.* Before the Court is Plaintiff's Brief on Supplemental Jurisdiction ("Br.") (*see* ECF No. 20); and the Defendant has filed a Response on Supplemental Jurisdiction ("Resp.") (*see* ECF No. 21).

II. **Discussion**

The Court has written extensively on its decision to decline the exercise of supplemental jurisdiction as to state Unruh Act claims. *See e.g., Garcia v. Kafco P'ship*, No. 20-CV-5134-GW-(PDx), 2020 WL 6694324, at *1-*6 (C.D. Cal. Sept. 18, 2020); *Hernandez v. Colorado Assocs., LLC*, No. 20-CV-01915-GW-(MAAx), 2020 WL 5894562, at *1-*6 (C.D. Cal. Aug. 6, 2020); *Langer v. Kalnel Gardens, LLC*, No. 19-CV-04806-GW-(JPRx), 2020 WL 6491430, at *1-*6 (C.D. Cal. Sept. 28, 2020). As discussed in those orders, the Court may decline to exercise jurisdiction for a host of factors including "the circumstances of the particular case, the

---

[1] Defendant's website is located at https://www.puentehills-mall.com.

1

nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *See Hernandez*, 2020 WL 5894562, at *3. The Court explained that it declined supplemental jurisdiction over the Unruh Act claims because acting otherwise would allow plaintiffs to engage in forum-shopping and file in federal court to circumvent California's attempts to limit the filing of construction-related accessibility violations in Cal. Civ. Proc. Code § 425.50. *Id.* at *2-*5 (describing how California adopted a heightened pleading standard and imposed limitations on high-frequency litigants in response to a wave of construction-related accessibility actions). This Court's position is entirely consistent with the Ninth Circuit's recent consideration of the issue. *See Arroyo*, 19 F.4th at 1209-14. Despite the Court's previous pronouncements, Plaintiff offers two new arguments[2] on why the Court should exercise jurisdiction over the Unruh Act claim herein: (1) Plaintiff has not filed a claim alleging any *physical* construction barriers so Section 425.50 (which applies to construction-related accessibility violations) does not apply and, thus, Plaintiff is not a high-frequency litigant, *see* Br. at 2, 11-17; and (2) the Court has original jurisdiction under the Class Action Fairness Act ("CAFA") so supplemental jurisdiction is not required, *see id.* at 3-4. The Court will address each in turn.

First, Plaintiff asserts that Section 425.50 applies only to *physical* construction-related accessibility violations and is inapplicable for the alleged violations that pertain solely to Defendant's website. *See* Br. at 11-13. And since Section 425.50 does not apply, Plaintiff is not a high-frequency litigant. *See id.* at 14-17. The Court disagrees. Nowhere in Section 425.50 does the statute limit "construction-related accessibility claim[s]" to those that relate only to physical structures and not websites. *See Cota v. Sushi Ota Inc.*, No. 20-CV-01721-H-BLM, 2021 WL 108640, at *3 n.1 (S.D. Cal. Jan. 11, 2021) ("There is no language in section 425.50 limiting the provision to apply to only 'physical' barriers."); *Farr v. Bristol Farms*, No. 19-CV-05800-MWF-(JCx), 2020 WL 6562244, at *3 (C.D. Cal. Mar. 5, 2020) ("Plaintiff's claim relating to website accessibility falls under the definition of 'construction-related accessibility claims.'"). Furthermore, the definitions of "construction-related accessibility claim" and "construction-related accessibility standard" contained in Cal. Civ. Code 55.52(a) do not refer solely to physical structures, as Plaintiff contends, *see* Br. at 11-12, but could reasonably apply to

---

[2] Plaintiff devotes considerable sections of her supplemental brief asserting that the Court *should* exercise supplemental jurisdiction over the Unruh Act claim. The Court declines to extend supplemental jurisdiction for the same reasons discussed in its previous orders. *See e.g., Hernandez*, 2020 WL 5894562, at *4-*5.

intangible websites that support public accommodations. Cal. Civ Code 55.52(a)(1) defines a "construction-related accessibility claim" as "any civil claim in a civil action with respect to a place of public accommodation, including, but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard, as defined in paragraph (6)." Cal. Civ Code 55.52(a)(6) defines a "construction-related accessibility standard" as "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities . . . ." Neither definition requires a *physical* accommodation, and an intangible website that makes a public accommodation more accessible is governed by a "construction-related accessibility standard." *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 904 (9th Cir. 2019) (holding that ADA extends to websites that serve "auxiliary aids and services" of places of public accommodation); 28 C.F.R. § 36.303. In sum, the Court disagrees that Section 425.50 applies only to physical construction-related accessibility violations.

Second, Plaintiff asserts that the Court has original jurisdiction under CAFA over the entire action. *See* Br. at 3-4. Under CAFA, a "district court shall have shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which: (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2). The Court again disagrees and holds that Plaintiff has failed to establish minimal diversity, as required under CAFA. Plaintiff alleges she is a citizen of California and that Defendant is a California corporation. *See* Compl. ¶¶ 4-5. There are no other identified plaintiffs or defendants, but Plaintiff alleges that she has defined a nationwide class, so there is a high likelihood that an additional class member will be minimally diverse from the California Defendant. *See* Br. at 3. Not so. The Unruh Act is "expressly limited to discrimination that takes place within California's borders." *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1099 (C.D. Cal. 2015). Plaintiff therefore cannot premise a nationwide CAFA class based on violations of the Unruh Act, which applies only in California.[3] *See* Resp.

---

[3] It is also not obvious to the Court why there would be a class of legally blind individuals *across the country* who have attempted to access Defendant's website. While true that Defendant's website is accessible

at 4-5.  As Plaintiff has failed to establish minimal diversity, the Court does not have original jurisdiction over the Unruh Act claim under CAFA.

Additionally, CAFA has a "home state"/"local controversy" exception which requires mandatory abstention in cases such as the present one.  A federal court must decline jurisdiction over a "minimal diversity" class action if either:

> • two-thirds or more of the class members (aggregating all proposed plaintiff classes) and the primary defendants are citizens of the state in which the action was originally filed (28 USC § 1332(d)(4)(B)) ("home state" exception); or
>
> • more than two-thirds of the class members and at least one defendant are "citizens" of that state, and
> — the alleged wrongdoing occurred there;
> — "significant relief" is being sought from the local defendant whose alleged conduct forms a "significant basis" for plaintiffs' claims; and
> — no other class action has been filed within the past 3 years on behalf of the same persons against any defendant asserting the same or similar factual allegations. [28 USC § 1332(d)(4)(A) ("local controversy" exception)]

Phillips & Stevenson, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, Calif. & 9th Cir. Editions*, § 2:1445 (2021).

In conclusion, the Court holds that it does not have subject matter jurisdiction over the entire action, including the Unruh Act claim, under CAFA.  The Court further holds that Cal. Civ. Proc. Code § 425.50 is applicable to this action, and in line with the Court's previous decisions, the Court declines to exercise supplemental jurisdiction over the Unruh Act claim.  *See generally Garcia*, 2020 WL 6694324; *Hernandez,* 2020 WL 5894562; *Langer*, 2020 WL 6491430.

---

nationwide, the public accommodation itself is simply a shopping center located in California.